O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSGROUP EXPRESS, INC. d/b/a TRANSGROUP WORLDWIDE LOGISTICS,<br><br>    Plaintiff,<br><br>    v.<br><br>CAP EXPORT, LLC; STAR WATCH LLC; STAR WATCHES LLC; ABRAHAM AMOUYAL, an individual,<br><br>    Defendants. | Case No. CV 15-09532 DDP (ASx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>[Dkt. No. 22] |

Before this Court is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). (Dkt. No. 22.) Defendants seek to dismiss (1) the cause of action for restitution as to all Defendants and (2) all causes of action against any defendant other than Cap Export ("CAP") in Plaintiff's FAC. (Mot. Dismiss at 1.) Having considered the parties' submissions, the Court adopts the following Order.

**I.    BACKGROUND**

Plaintiff is a shipping company that provides transportation services. (FAC ¶ 11.) Defendants CAP, Star Watches ("Watches"),

and Star Watch import and distribute goods in the United States. (Id. ¶¶ 12-13.)  Defendant Abraham Amouyal ("Amouyal") is alleged to be the owner and principal of CAP and Watches.  (Id. ¶ 14.)

On May 11, 2015, Plaintiff entered into a written contract with CAP for Plaintiff's transportation services.  (Id. ¶ 15.)  The contract was signed by Amouyal acting as the chief executive officer on behalf of CAP, and the contract included Plaintiff's standard terms and conditions, which were incorporated into the contract by reference.  (Id. ¶ 16; Exs. A & B (Exhibit A is a copy of Plaintiff's customer agreement with Defendants Amouyal and CAP; Exhibit B is a copy of Plaintiff's standard terms and conditions).)  Plaintiff alleges that it performed services in the amount of $568,411.93.  (Id. ¶¶ 17-18.)  Defendant CAP attempted to make a payment for $20,054.54 with a check written on Watches' bank account, but the check was denied for insufficient funds.  (Id. ¶ 9.)  Then, a partial payment for $7,838.02 was made by CAP with the personal credit card of Defendant Amouyal in order to facilitate additional services from Plaintiff.  (Id.)  Defendants have refused to pay Plaintiff for the remaining amount Plaintiff alleges is due. (Id. ¶¶ 17-18.)

**II.  LEGAL STANDARD**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

2

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. DISCUSSION**

    **A.   Defendants' Arguments**

Defendants allege that this case should be a simple breach of contract action between one plaintiff, Transgroup Express, and one defendant, CAP. (Mot. Dismiss at 1-2.) Defendants have two main arguments: first, that there is no restitution cause of action, and second, that there is no alter ego liability.

3

First, Defendants argue that restitution is not a proper cause of action; rather, "there are various causes of action that give rise to restitution as a remedy." (Id. at 3:19-21 (citing Ahdoot v. Babolat VS N. Am., No. CV 13-02823 GAF (VBKx), 2013 WL 11238484, at *5 (C.D. Cal. Sept. 6, 2013)).) Thus, Defendants allege that since there is no cause of action for restitution, the cause of action should be dismissed for failure to state a claim against all Defendants. (Id. at 4:7-8.) Defendants also argue that even if restitution is a cause of action, the FAC still fails to state a claim because it fails to allege any benefit conveyed or why Defendants' alleged retention of any alleged benefit was wrongful. (Id. at 4-5.)

Second, Defendants allege that the claims against Star Watch, Watches, and Amouyal should be dismissed because these Defendants were not a party to the contract and Plaintiff has not pleaded sufficient facts to show alter ego on part of these Defendants. (Id. at 5.) Defendants argue that Plaintiff has failed to sufficiently plead factors used to show unity of interest, such as commingling of funds, disregard for corporate formalities, diversion of funds or assets, and undercapitalization. (Id. at 6:17-18 (citing Sonora Diamond Corp. v. Superior Court, 83 Cal. App. 4th 523, 538 (2000)).) Defendants argue that the failed payment by Watches and the partial payment by Amouyal on behalf of CAP are insufficient to show commingling or undercapitalization. (Id. at 7:3-9.) Defendants also argue that simply mentioning "claims of UCC filings, liens, and judgments" without documentation or allegations of particular facts that show undercapitalization further demonstrates that Plaintiff did not plead sufficiently.

4

(Id. at 7:27-8:1.)  Lastly, Defendants argue that the Defendants do not share facilities, as evidenced by Plaintiff's FAC listing different principal location addresses for the Defendants.  (Id. at 9:1-7.)

**B.   Plaintiff's Arguments**

First, Plaintiff argues that although Plaintiff did allege that Defendants were unjustly enriched, Plaintiff did not bring a cause of action for unjust enrichment; thus, Defendant's argument that unjust enrichment is not a cause of action is moot.  (Opp'n at 3:26-4:4.)  Further, Plaintiff claims that there is a quasi-contract between the parties.  (Id. at 4:8-26.)  Plaintiff argues that it has properly pleaded a cause of action for restitutionary damages because the FAC alleges that Defendants were fully aware of the services provided by Plaintiff and Defendants took active steps to encourage and facilitate the receipt of these services, such as by partially paying Plaintiff for the services.  (Id. at 5:1-21 (citing Spire v. Am. Bus Lines, 158 Cal. App. 3d 211, 216-17 (1984)).)

Second, Plaintiff alleges that alter ego liability is shown here by two factors: (1) that there is a unity of interest and ownership so that the separate personalities of the corporation and the individuals no longer exist; and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow.  (Id. at 6:1-8 (citing Automotriz de Golfo de California S.A. de C. v. Resnick, 47 Cal. 2d 792, 797 (1957)).)  Plaintiff argues that it has adequately pleaded these two factors to support alter ego liability as evidenced by its allegations of undercapitalization and commingling.  (Id. (referring to FAC Dkt.

5

No. 19 ¶¶ 8-10).)  Plaintiff's evidence of commingling and undercapitalization is: (1) CAP's attempted payment for Plaintiff's services by a $20,054.54 check written on Watches' bank account that was denied for insufficient funds; and (2) a partial payment by CAP through Amouyal's personal credit card for $7,838.02.  (Id.) Plaintiff alleges that undercapitalization is further "evidenced by numerous UCC filings, judgments, tax liens, and judgment liens against each entity."  (Id.)  Plaintiff also alleges that Defendants shared facilities, employees, owners, and executives. (Id.)  Thus, Plaintiff argues that these allegations are sufficient to maintain its alter ego claims against all Defendants, particularly at this procedural juncture.  (Id.)

    **C.    The Court's Analysis**

        **1.    Restitution**

"[I]n California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015).  Unjust enrichment and restitution "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"  Id. (quoting 55 Cal. Jur. 3d Restitution § 2).  "The return of that benefit is the remedy 'typically sought in a quasi-contract cause of action.'"  Id. at 762 (quoting 55 Cal. Jur. 3d Restitution § 2). The Ninth Circuit held that "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'"  Id.  A quasi-contract applies when a person "obtains a benefit which he may not justly retain. . . .  The quasi-contract, or contract 'implied in law,' is

an obligation created by the law without regard to the intention of the parties, and is designed to restore the aggrieved party to his former position by return of the thing or its equivalent in money." McBride v. Boughton, 123 Cal. App. 4th 379, 388 & n.6 (2004).

Here, there is no standalone cause of action for restitution under California law. But Plaintiff can proceed with a restitution theory if there is a quasi-contract cause of action, for example. Plaintiff alleges that pursuant to a written agreement[1] with CAP and Amouyal, Plaintiff provided services to Defendants worth $568,411.93, which Defendants made a partial payment for, but now refuse to pay in full. This agreement is memorialized in an express contract and neither Plaintiff nor Defendants dispute the validity of the contract. The dispute between the parties is about performance and breach. The goal of a quasi-contract cause of action is to prevent unjust enrichment in the absence of a true contract. However, since this matter involves an actual express agreement, relief under a quasi-contract imposed by law is unnecessary, as well as not properly pleaded in the FAC.

### 2. Alter Ego

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests. In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation." Nielson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1115 (C.D. Cal. 2003). The purpose of the alter ego

---

[1] See FAC, Ex. A (the contract), Ex. B (the terms and conditions to the contract).

doctrine is to avoid injustice when there is an abuse of the corporate privilege. <u>Id.</u> Only "exceptional circumstances" allow a court to disregard the corporate form and find liability as to the individuals underneath it. <u>Leek v. Cooper</u>, 194 Cal. App. 4th 399, 411 (2011). There is a large list of factors a court can consider when determining alter ego liability. <u>Id.</u> at 417-18. The factors include:

> Commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; . . . the treatment by an individual of the assets of the corporation as his own; . . . the failure to obtain authority to issue stock or to subscribe to or issue the same; . . . the holding out by an individual that he is personally liable for the debts of the corporation; . . . the failure to maintain minutes or adequate corporate records . . . ; sole ownership of all of the stock in a corporation by one individual or the members of a family; . . . the failure to adequately capitalize a corporation; the total absence of corporate assets, and undercapitalization; . . . the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; . . . the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest, or concealment of personal business activities; . . . the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; . . . the use of the corporate entity to procure labor, services or merchandise for another person or entity; . . . the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; . . . the contracting with another with intent to avoid performance by use of a corporate entity as a shield against personal liability, or the use of a corporation as a subterfuge of illegal transactions; . . . and the formation and use of a corporation to transfer to it the existing liability of another person or entity.

<u>Id.</u>

At this procedural juncture, Plaintiff's pleading is sufficient to support its causes of action against Watches and

8

Amouyal on an alter ego theory. Plaintiff alleges: (1) evidence of payments made by Watches and Amouyal on behalf of CAP; (2) common addresses for facilities used by Defendants; and (3) common ownership in that Amouyal is the owner and principal of CAP and Watches. (FAC ¶ 14.) At this motion to dismiss stage, these allegations are accepted as true and construed in the light most favorable to the Plaintiff; thus, these allegations are sufficient to state a claim for relief that is plausible on its face. Despite Defendants' arguments, a complaint need not include "detailed factual allegations," and the alleged facts of payments made or attempted to be made by Amouyal and Watches on behalf of CAP at this point are "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Iqbal, 556 U.S. at 678. Therefore, the individual Defendants Watches and Amouyal remain in the case.

However, Plaintiff does not list or mention Defendant Star Watch in its pleadings outside of the initial naming of parties. Star Watch is also not listed in the contract. Thus, there are no claims against Star Watch and it must be dismissed from this action.

**IV. CONCLUSION**

For all the reasons discussed above, Defendants' Motion to Dismiss the restitution cause of action against all Defendants is GRANTED with prejudice. Defendants' Motion to Dismiss all Defendants' except for CAP is DENIED in part and GRANTED in part. The Court DISMISSES Defendant Star Watch from the case.

IT IS SO ORDERED.

Dated: April 14, 2016

DEAN D. PREGERSON
United States District Judge